JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

RACHEL POTERFIELD

**(b)** County of Residence of First Listed Plaintiff: Bucks County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jason E. Fine, Esquire, J. Fine Law Group, PC
1628 John F. Kennedy Blvd., Suite 2120
Philadelphia, PA 19103 (267-888-2960; Jason@finelaw.com)

**DEFENDANTS**

EDWARD MAGEE and SJ TRANSPORTATION COMPANY

County of Residence of First Listed Defendant: Salem County, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Paul K. Leary, Jr., Esquire; Cozen O'Connor
One Liberty Place, 1650 Market Street, Suite 2800
Philadelphia, PA 19103 (215-665-2000; pleary@cozen.com)

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332, 1441 and 1446

Brief description of cause:
Motor Vehicle Accident

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE ________ DOCKET NUMBER ________

DATE: 6-5-19

SIGNATURE OF ATTORNEY OF RECORD: Paul Leary

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| RACHEL POTERFIELD,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD MAGEE and SJ TRANSPORTATION COMPANY,<br><br>Defendants. | : | CIVIL ACTION NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255. ☐

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ☐

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2. ☐

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. ☐

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ☐

(f) Standard Management -- Cases that do not fall into any one of the other tracks. ☒

| June 5, 2019 | Paul K. Leary, Jr. | Edward Magee and SJ Transportation Company |
|---|---|---|
| **Date** | **Attorney at Law** | **Attorney for Defendant** |
| 215-665-6911 | 215-701-2011 | PLeary@Cozen.com |
| **Telephone** | **Fax Number** | **Email Address** |

(Civ. 660) 10/02

CDJ

CDJ

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19-CV-2453
19 2453

DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 502 Hidden Forest Court, Fairless Hills, PA 19030

Address of Defendant: 353 54 E. Canal Street, Alloway, NJ 08001

Place of Accident, Incident or Transaction: State Road, Philadelphia County, PA

***RELATED CASE, IF ANY:***

Case Number: ______ Judge: ______ Date Terminated: ______

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6-5-19 [signature] Attorney-at-Law / Pro Se Plaintiff 85402 Attorney I.D. # (if applicable)

**CIVIL: (Place a √ in one category only)**

A. *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify):* ______

B. *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☑ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* ______
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* ______

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Paul K. Leary, Jr., counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 06/05/2019 [signature] Attorney-at-Law / Pro Se Plaintiff 85402 Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JUN - 5 2019

Civ. 609 (5/2018)

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RACHEL POTERFIELD<br>502 Hidden Forest Court<br>Fairless Hills, PA 19030<br><br>Plaintiff,<br><br>v.<br><br>EDWARD MAGEE<br>353 54 E. Canal Street<br>Alloway, NJ 08001<br>And<br>SJ TRANSPORTATION COMPANY<br>1176 US Route 40<br>Woodstown, NJ 08098<br><br>Defendants. | CIVIL ACTION NO. |

**NOTICE OF REMOVAL**

TO: CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Edward Magee and S-J Transportation Co., Inc.[1] (collectively, "Defendants"), by and through their undersigned counsel, hereby give notice of removal of this action from the Court of Common Pleas for Philadelphia County, Pennsylvania, Civil Law Division, where it is pending under Case ID 190500944, to the United States District Court for the Eastern District of Pennsylvania. As set forth more fully below, the case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants satisfy the procedural requirements for removal under 28 U.S.C. § 1446, and this Court has subject

[1] Incorrectly named as "SJ Transportation Company".

matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. In support of removal, Defendants aver:

**THE STATE COURT ACTION**

1. Plaintiff, Rachel Porterfield, is an individual who resides at 502 Hidden Forest Court, Fairless Hills, PA 19030. (Complaint, attached hereto as Exhibit A).

2. Plaintiff filed the Complaint on May 10, 2019.

3. Plaintiff's Complaint arises out of injuries allegedly sustained when Plaintiff was impacted by a motor vehicle that was "owned, leased, controlled" by Defendant S-J Transportation Co., Inc. and driven by Edward Magee in an incident occurring "south on State Road in the right hand lane." (Ex. A ¶ 9-11).

**DIVERSITY JURISDICTION**

4. Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States."

5. This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1).

6. For purposes of assessing diversity, an individual is a citizen of the state in which he or she is domiciled. *See GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018).

7. Moreover, a corporation is a citizen of the state in which it is incorporated and in which it maintains its principal place of business. 28 U.S.C. § 1332(c).

8. Plaintiff's verified Complaint declares that she is an individual residing in Fairless Hills, Pennsylvania 19030, providing no indication that she intends to stay elsewhere. Plaintiff is, on information and belief, a citizen of the Commonwealth of Pennsylvania.

9. At all relevant times, Edward Magee, is and was an individual residing at 54 E. Canal Street, Alloway, NJ 08001 who intends to remain in the State of New Jersey.

10. As such, Edward Magee is a citizen of the State of New Jersey.

11. At all relevant times, S-J Transportation Co., Inc. was and is a New Jersey corporation, having a principal place of business in Woodstown, NJ.

12. Therefore, for diversity of citizenship purposes, S-J Transportation Co., Inc. is a citizen of the State of New Jersey.

13. Complete diversity exists where Plaintiff is a citizen of the Commonwealth of Pennsylvania and Defendants are citizens of the State of New Jersey.

14. This action also satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a).

15. The sum demanded in the Complaint shall be deemed to be the amount in controversy, but in instances in which the Complaint does not specify an amount in controversy, the defendant may assert that it exceeds the threshold if state practice "permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A)(ii).

16. In her Complaint, Plaintiff repeatedly claims to seek damages against Defendants "in a sum in excess of $50,000.00 plus interest, costs and any other relief which this Court may deem appropriate." Plaintiff further avers that she "suffered serious and permanent losses of body functions (as defined by 42 Pa.C.S. § 85333)" and "physical pain, aches, mental anguish, and humiliation, inconveniences and loss of life's pleasures . . . for an indefinite time in the future,"

potentially resulting in "severe actual loss of her gross income" and "impairment of her earning capacity and power" (Ex. A ¶¶ 14, 17-19).

17. Based on Plaintiff's allegations in the Complaint, it is therefore averred that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

18. Accordingly, the United States District Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## REMOVAL JURISDICTION

19. This action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

20. Under Section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Section 1441(b) further provides that "such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." Id. § 1441(b).

21. Plaintiff filed this action in the Court of Common Pleas of Philadelphia County. The Eastern District of Pennsylvania is the judicial district embracing Philadelphia County, the place where the State Action was brought, and, therefore, is the proper district court to which this case should be removed. See 28 U.S.C. §§ 1441(a), 1446(a).

22. Under Section 1446(b), the notice of removal shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b).

23. Defendants received the Complaint via certified mail on or about May 15, 2019. As such, Defendants are filing this notice within thirty (30) days of receipt of the Complaint

pursuant to 28 U.S.C. § 1446(c). Therefore, this removal is timely because 30 days have not elapsed from the date of service of the Complaint.

24. Pursuant to Section 1446(b)(2)(A), all Defendants have consented to removal. All Defendants are represented by the same undersigned counsel.

25. Further, pursuant to Section 1446(a), Defendants are simultaneously filing with this Notice of Removal copies of all process, pleadings, orders, and other papers or exhibits of every kind existing on file in the Court of Common Pleas of Philadelphia County in this removed action.

26. Additionally, Defendants are filing a copy of this notice of removal with the Prothonotary of the Court of Common Pleas of Philadelphia County. See 28 U.S.C. § 1446(d).

27. Defendants reserve the right to raise all defenses and objections in this action after the action is removed to this Court.

WHEREFORE, Defendants, Edward Magee and S-J Transportation Co., Inc., hereby remove this action now pending against them in the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

COZEN O'CONNOR

Paul K. Leary, Jr., Esq.
Nicholas A. Karwacki, Esq.
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
pleary@cozen.com
nkarwacki@cozen.com
*Attorneys for Defendants,*
*Edward Magee and S-J Transportation, Co., Inc.*

Dated: June 5, 2019

**CERTIFICATE OF SERVICE**

I, Paul K. Leary, Jr., Esquire, attorney for Defendants, hereby certify that a copy of the foregoing Notice of Removal was served upon the following counsel via first-class mail, postage prepaid, on June 5, 2019, addressed as follows::

Jason E. Fine, Esq.
J. FINE LAW GROUP, P.C.
1628 John F. Kennedy Blvd., Suite 2120
Philadelphia, PA 19103
jason@jfinelaw.com
*Attorney for Plaintiff*

Paul K. Leary, Jr., Esq.



# Exhibit A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
MAY 2019 000944
E-Filing Number: 1905024482

| | |
|---|---|
| PLAINTIFF'S NAME<br>RACHEL POTERFIELD | DEFENDANT'S NAME<br>EDWARD MAGEE |
| PLAINTIFF'S ADDRESS<br>502 HIDDEN FOREST COURT<br>FAIRLESS HILLS PA 19030 | DEFENDANT'S ADDRESS<br>353 54 E. CANAL STREET<br>ALLOWAY NJ 08001 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>SJ TRANSPORTATION COMPANY |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>1176 US ROUTE 40<br>WOODSTOWN PA 08098 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

TOTAL NUMBER OF PLAINTIFFS: 1

TOTAL NUMBER OF DEFENDANTS: 2

COMMENCEMENT OF ACTION
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition Action
- [ ] Transfer From Other Jurisdictions
- [ ] Notice of Appeal

AMOUNT IN CONTROVERSY
- [ ] $50,000.00 or less
- [x] More than $50,000.00

COURT PROGRAMS
- [ ] Arbitration
- [ ] Jury
- [x] Non-Jury
- [ ] Other:
- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition
- [ ] Commerce
- [ ] Minor Court Appeal
- [ ] Statutory Appeals
- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

CASE TYPE AND CODE
2V - MOTOR VEHICLE ACCIDENT

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
MAY 10 2019
M. BRYANT

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: RACHEL POTERFIELD

Papers may be served at the address set forth below.

| | |
|---|---|
| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>JASON E. FINE | ADDRESS<br>J FINE LAW GROUP, LLC<br>1628 JFK BOULEVARD<br>SUITE 2120<br>PHILADELPHIA PA 19103 |
| PHONE NUMBER<br>(267)888-2960<br>FAX NUMBER<br>(267)687-7018 | |
| SUPREME COURT IDENTIFICATION NO.<br>82452 | E-MAIL ADDRESS<br>filings@jfinelaw.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*JASON FINE* | DATE SUBMITTED<br>Friday, May 10, 2019, 08:54 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**J. FINE LAW GROUP, P.C.**
BY: Jason E. Fine, Esquire
Attorney ID#: 82452
1628 John F. Kennedy Blvd., Suite 2120
Philadelphia, PA 19103
(267) 888-2960
Jason@jfinelaw.com

Attorney for Plaintiff,
Rachel Porterfield

Filed and Attested by the Office of Judicial Records 10 MAY 2019 08:54 am

**RACHEL POTERFIELD**
502 Hidden Forest Court
Fairless Hills, PA 19030
Plaintiff,

v.

**EDWARD MAGEE**
353 54 E. Canal Street
Alloway, NJ 08001
and
**SJ Transportation Company**
1176 US Route 40
Woodstown, NJ 08098
Defendants.

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

TERM, 2019

NO.:

MAJOR NON-JURY CASE
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the Claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing it in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without further notice for any money claimed in the complaint of for any other claim or relief by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF OYU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral And Information Service
1101 Market Street, 11th Floor
Philadelphia, PA 19107

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas las siguienter, usted tiena veinte (20) dias de plazo al partir de la fecha de la demanda y las notification. Hace faita asentar una comparencia escitta o en persona o cun un abogado y entregar a la corte en forma escrita sus defenses o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la cortra suya sin previo aviso o notification. Ademas, la corte puede decider a favor del demandante y require que usted cumpla con todas las provisones de esta demanda. Usted puede prlerdinero o sus propiedades u otros derechos importanted para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENT. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENE DE PAGART TAL SERVICO VAYA EN PERSONA O LLAME POR TELEFONE A LA OFICINO CUYA DIRECCION ENCUENTRA ESCRITA ABAJO PARA AVERIGUA DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Information Legal
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107

**CIVIL ACTION COMPLAINT**
**2V – MOTOR VEHICLE ACCIDENT**

**COMES NOW,** Plaintiff, Rachel Porterfield, to plead his case and in support thereof she says:

**Parties**

1. Plaintiff, **Rachel Porterfield**, is an adult individual residing at the above captioned address (hereafter referred to as **"Plaintiff"**).

2. Defendant, **Edward Magee**, is an adult individual residing at the above captioned address (hereafter referred to as **"Defendant Operator"**).

3. Defendant, SJ Transportation Company (hereafter referred to as **"Defendant Owner"**), is a business entity created under the laws of the state of New Jersey with a registered office for the acceptance of service or a principal place of business at the above captioned address.

**Jurisdiction and Venue**

4. The accident giving rise to the instant matter occurred in the Commonwealth of Pennsylvania, County of Philadelphia.

5. Defendant Operator and Defendant Owner (hereafter collectively referred to as **"All Defendants"**), are subject to specific personal jurisdiction of Pennsylvania courts pursuant to the accident giving rise to the instant action.

6. Venue is appropriate in Philadelphia County since All Defendants regularly conduct business there.

7. Venue is appropriate in Philadelphia County pursuant to Pa.R. Civ.P. 2179 and/or Pa.R. Civ.P. 1006.

8. Jurisdiction is appropriate in the Commonwealth of Pennsylvania pursuant to 42 Pa.C.S. § 5322.

**Common Averments**

9. On or about March 29, 2019 at approximately 7:47 p.m., Plaintiff was traveling south on State Road in the right hand lane making a right hand turn, in Philadelphia County, when the Defendant operating a commercial tractor trailer, who was also traveling Southbound on State Road was in the middle lane but made a violent right and struck the Plaintiff's vehicle and pushed said vehicle into a pole causing Plaintiff to suffer serious and permanent injuries.

10. At all times relevant hereto, Defendant Owner owned, leased, controlled and/or had dominion over the Large Truck driven by Defendant Operator.

11. Plaintiff brings this action against Defendant Owner by and as a result of its conduct, acts or omissions of its agents, employees, servants, workmen and Defendant Operator pursuant to 42 Pa. C.S. § 8542(b) and any other applicable local or state rules, laws, or ordinances.

**COUNT ONE – NEGLIGENCE**
**RACHEL POTERFIELD v. EDWARD MAGEE**

12. Plaintiff, Rachel Porterfield, hereby incorporates by reference paragraphs one through eleven (1-11) as if fully set forth herein at length.

13. The negligence of Defendant Operator was the direct and proximate cause of the impact described *infra*, with said negligence being more fully described as:

(a) failing to properly operate their respective motor vehicle;

(b) failing to maintain a proper and adequate lookout;

(c) driving at an excessive and unsafe rate of speed under the circumstances;

(d) operating the motor vehicle in a careless and negligent manner;

(e) operating the motor vehicle without due regard to the rights, safety, and position of plaintiff;

(f) failing to have their respective motor vehicles under proper control so as to prevent defendants' motor vehicle from striking plaintiff's motor vehicle;

(g) failing to use due care under the circumstances;

(h) failing to notice the other motor vehicle;

(i) failing to take evasive action in order to avoid impacting with each motor vehicle;

(j) violating the relevant ordinances and the Statutes of the Commonwealth of Pennsylvania governing the operation of motor vehicles;

(k) turning from a lane which is not a turning lane;

(l) failing to maintain an assured clear distance;

(m) failing to yield the right of way; and

(n) failing to apply breaks when vehicles in front of defendant were passing.

14. As a direct cause of the impact and negligence described *infra*, Plaintiff suffered serious and permanent losses of body functions (as defined by 42 Pa.C.S. § 8553), including, but not limited to: 1) closed head injury, 2) disc injuries any more injuries throughout her body.

15. As a further result of this accident, Plaintiff has been obligated to receive and undergo reasonable and necessary medical treatment and rehabilitative services for the injuries suffered and to incur various expenses for said treatment and services for which Defendants, individually, jointly and/or severally, are responsible for pursuant to 42 Pa.C.S.A. Section 8553(c)(3) and 42 Pa.C.S.A. Section 8553(c)(2)(ii).

16 As a further result of this accident, Plaintiff has been obligated to receive and undergo reasonable and necessary medical treatment and rehabilitative services for the injuries he has suffered, and to incur various expenses for said treatment and services, and she may incur various reasonable and necessary future medical expenses from the injuries sustained, and Defendants, individually, jointly and/or severally, are liable for all the same.

17. As a further result of this accident, Plaintiff has or may suffer severe actual loss of her gross income as defined in 75 Pa.C.S.A. Section 1712(2) and 42 Pa.C.S.A. Section 8553(c)(1).

18. As a further result of this accident, Plaintiff has or may suffer impairment of her earning capacity and power, pursuant to 42 Pa.C.S.A. Section 8553(c)(1).

19. As a further result of the accident aforementioned, Plaintiff has suffered physical pain, aches, mental anguish, and humiliation, inconveniences and loss of life's pleasures, and she may continue to suffer same for an indefinite time in the future.

20. As a direct result of this accident, Plaintiff has been unable to attend to her daily chores, duties and occupations and may be unable to do so for an indefinite period of time in the future.

**WHEREFORE**, Plaintiff, Rachel Porterfield, demands damages of the Defendants, individually, jointly and/or severally, in a sum in excess of $50,000.00 plus interest, costs and any other relief which this Court may deem appropriate.

**COUNT TWO – RESPONDENT SUPERIOR**
**RACHEL POTERFIELD v. SJ TRANSPORTATION COMPANY**

21. Plaintiff, Rachel Porterfield, hereby incorporates by reference paragraphs one through twenty (1-20) as if fully set forth herein at length.

22. At all times relevant hereto, Defendant Operator was the employee, servant, or otherwise an agent of Defendant Owner; and moreover, at all times relevant hereto, Defendant Operator was acting within the scope of said employment or agency.

**WHEREFORE**, Plaintiff, Rachel Porterfield, demands damages of the Defendants, individually, jointly and/or severally, in a sum in excess of $50,000.00 plus interest, costs and any other relief which this Court may deem appropriate.

**COUNT THREE – NEGLIGENT ENTRUSTMENT**
**RACHEL POTERFIELD v. SJ TRANSPORTATION COMPANY**

23. Plaintiff, Rachel Porterfield, hereby incorporates by reference paragraphs one through twenty-two (1-22) as if fully set forth herein at length.

24. The negligence and carelessness of Defendant Owner consisted of, *inter alia*, the following:

(a) negligently entrusting their vehicle to an individual who was not equipped to operate their vehicle safely and/or with due care for others;

(b) negligently entrusting their vehicle to an individual who exhibited a disregard for the safety and well-being of others; and

(c) failing to properly train and/or instruct Defendant Operator in the safe operation and usage of his motor vehicle.

25. As a direct and proximate cause of the aforesaid negligence of Defendant Owner, Plaintiff, Rachel Porterfield, suffered damages as more fully described *infra*.

**WHEREFORE**, Plaintiff, Rachel Porterfield, demands damages of the Defendants, individually, jointly and/or severally, in a sum in excess of $50,000.00 plus interest, costs and any other relief which this Court may deem appropriate.

**Respectfully submitted,**
**J. FINE LAW GROUP, P.C.**

**BY:** ______________________________
**JASON E. FINE, ESQUIRE**
Attorney for Plaintiff,
Rachel Porterfield

**VERIFICATION**

I, RACHEL PORTERFIELD, having read the attached Complaint, verifies that the within pleadings are based on information furnished to counsel, and which information has been gathered by counsel in the course of investigating this claim. The language of the Complaint is that of counsel and not of mine. I verify that I have read the within Complaint and that it is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the pleading are that of counsel, I have relied upon counsel in taking this Verification. This Verification is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

X Rachel Porterfield